IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SHELBY J. RORIE                                                                               PLAINTIFF

v.                                          CIVIL NO. 04-3059

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                              DEFENDANT

## **O R D E R**

Plaintiff Shelby J. Rorie appealed the Commissioner's denial of benefits to this court. On March 11, 2005, judgment was entered (Doc. #9) remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff now moves for an award of $2,041.02 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 14.25 hours of work before this court at an hourly rate of $140.00 and $46.02 in expenses, for a total of $2,041.02. Alternatively, plaintiff requests a fee award under Section 406(b). Defendant has filed a response (Doc. # 14), objecting to certain hours claimed by plaintiff's counsel.

**§ 406 Fees:**

Statutory provision for the award of attorney's fees is found in 42 U.S.C. § 406(b)(1). We find this request is premature, in that there has been no submission of evidence indicating plaintiff has been successful upon remand and has been awarded benefits from which an appropriate fee may be paid. The fee awarded an attorney under 42 U.S.C. § 406 is paid out of any past-due benefits to which the claimant is entitled. See 42 U.S.C. § 406(a), (b); 20 C.F.R. § 404.1720(b)(4).

**EAJA Fees:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's

litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988)*.* The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991)*,* quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989).* The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation

is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A).

Plaintiff's counsel requests attorney's fees under EAJA at a rate of $140.00 an hour based on an increase in the cost of living. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit to his Memorandum of Law and has presented evidence of an increase in the cost of living. Therefore, the undersigned believes his argument for enhanced fees based on a cost of living increase has merit. Accordingly, we find that plaintiff's counsel is entitled to an award at the rate of $140.00 per hour.

Defendant objects to time submitted on August 19 and 20, 2004, and October 4, 2004, for work generally completed by office staff and not compensable under EAJA. *Granville House, Inc. V. Department of HEW*, 813 F2d 881, 884 (8th Cir. 1987). The court agrees and hereby deducts 1.50 from the 14.25 hours claimed by plaintiff's counsel, leaving 12.75 hours.

Defendant also objects to counsel's "boilerplate" usage of "review of file," after each of the twenty-one itemized entries on Exhibit "A-1," as time spent before this court. The court agrees. Counsel has been admonished in the past for such entries, some made on the same day. Accordingly, we hereby reduce the claimed hours by 2.00 hours, leaving 10.75 hours.

Defendant objects to 2.50 hours spent from March 24, 2005 through April 8, 2005, for administrative work performed after entry of this court's judgment. As plaintiff may not recover EAJA fees for work not performed before this court, we hereby deduct the 2.50 hours claimed by counsel, leaving 8.25 hours. *Cornella v. Schweiker*, 728 F.2d 978, 988-989 (8th Cir. 1984).

Defendant further objects to 2 hours claimed by counsel for preparation of Exhibit A on April 14, 2005. Defendant admits counsel should be compensated for the preparation of Exhibit A-1. As the court believes this to be a typographical error and counsel did not include a separate itemization for preparation of his fee petition, we will not deduct the 2 hours claimed by counsel. However, plaintiff's counsel should be more diligent in his preparation of future fee petitions.

The court also finds that time submitted on August 17, 2004, in receiving and reviewing plaintiff's application to proceed as a pauper should be reduced from .25 to .05; time spent on August 30, 2004, receiving and reviewing a two-paragraph order from the court granting plaintiff's in forma pauperis application should be reduced from .25 to .05 and the .25 hour claimed for receiving and reviewing a filemarked copy of plaintiff's own complaint reduced to .05; a reduction of time spent receiving and reviewing a short letter from the court - sent as a courtesy to counsel - regarding the filing of briefs, from .25 to .05; a reduction from .50 to .15 to review a motion filed by defendant seeking remand; and a reduction from .50 to .15 for review of the court's opinion and

judgment. Accordingly, we deduct 1.50 hours from the total number of compensable hours sought, leaving 7.25 hours.

Finaly, counsel seeks reimbursement for $46.02 in expenses incurred with regarding to postage and copies. Such expenses are recoverable under the EAJA and we find $46.02 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 133, 1335 (8th Cir. 1988).

Accordingly, we find that counsel is entitled to compensation under the EAJA for 6.75 hours (14.25-7.50) for attorney's fees, at the rate of $140.00 per hour, plus reimbursement of $46.02 in expenses, for a total award of $991.02. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 8th day of May 2006.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE